# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0701
Lower Tribunal No. 21-14652-CA-01
_____


**Jorge Oropeza,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Property Litigation Group PLLC, and Samantha Scheff (Miramar), for appellant.

GrayRobinson, P.A., Richard Barry (Orlando), Kristie Hatcher-Bolin (Lakeland), and Shakiva Brown (Fort Lauderdale), for appellee.


Before LINDSEY, MILLER, and BOKOR, JJ.

PER CURIAM.

Appellant, Jorge Oropeza, appeals a final judgment rendered after the trial court granted summary judgment in favor of appellee, Citizens Property Insurance Corporation. Having carefully conducted a de novo review of the record, we conclude that the expert affidavit, engineering report, and supporting photographs and schematics created material factual issues precluding summary judgment. See Ortega v. JW Marriott Inv., LLC, 405 So. 3d 473, 477–78 (Fla. 3d DCA 2025) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); see also CG Tides LLC v. SHEDDF3 VNB, LLC, 388 So. 3d 1081, 1084–85 (Fla. 3d DCA 2024) ("Properly understood, summary judgment is akin to a pre-trial directed verdict. Summary judgment is not designed to resolve disputed issues of fact. It merely serves to identify whether an issue of fact exists that must be resolved by trial.") (citation omitted); Lassiter v. Citizens Prop. Ins. Co., 386 So. 3d 646, 647–48 (Fla. 2d DCA 2024) ("We conclude that the trial court impermissibly weighed the evidence in ruling on Citizens' motion when it determined that the parties' affidavits resulted in a 'tie' and that there were

2

no genuine disputes as to a material fact precluding summary judgment.”).

Accordingly, we reverse and remand.

Reversed and remanded.